BARBARA MERRILL et al., Plaintiffs-Appellees, v. ALLAN DRAZEK, Director, Illinois Department of Personnel, et al., Defendants-Appellants.

(No. 59667; ▮▮▮▮▮▮▮▮

First District (4th Division)—November 13, 1974.

William J. Scott, Attorney General, of Springfield (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellants.

Davis, Miner, Barnhill & Bronner, of Chicago (Charles Barnhill, Jr., of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County declaring the plaintiffs to be employees of the State of Illinois.

The only issue presented on appeal is whether prior to January 1, 1974, the plaintiffs, employees of the Cook County Department of Public Aid, were, for purposes of employee benefits, employees of the State of Illinois or the County of Cook.

On April 28, 1972, seven named plaintiffs who were employees of the Cook County Department of Public Aid filed a class action seeking a declaratory judgment as to whether they were employees of the State of Illinois or the County of Cook. Plaintiffs further sought to enjoin whichever governmental entity was found to be the employer of the plaintiffs from treating them differently than other employees.

A hearing was held on May 9, 1973, to determine the substantive merits of the case. At the close of all the evidence, the court ruled that the plaintiffs were and had been employees of the State of Illinois and were entitled to all job-related benefits of other State employees.

Defendant Allan Drazek, Director of the Illinois Department of Personnel, contends that prior to January 1, 1974, the plaintiffs were employees of Cook County. In support of his contention, the defendant relies on section 12—18.1 of the Illinois Public Aid Code (Ill. Rev. Stat. 1971, ch. 23, § 12—18.1), which provides in pertinent part:

"The County Department shall consist of a Director and such other employees as shall be determined by the County Board, all of whom shall be employees of the county and appointed in accordance with the law in relation to civil service in the county." (Amended January 1, 1974.)

Defendant maintains the day-to-day control of administration, hiring, firing and promotion within the Cook County Department of Public Aid is exercised by the county department, and therefore the responsibility of providing employee benefits lies with the County of Cook.

Prior to January 1, 1974, section 12—18.1 of the Illinois Public Aid Code provided:

"The County Department shall consist of a Director and such other employees as shall be determined by the County Board, all of whom shall be employees of the County and appointed in accordance with the law in relation to civil service in the county. However, the number and compensation of such employees as are assigned to the performance of the functions and duties prescribed in section 12—2 of this Code, and to the additional functions set out in section 12—18.2 for discharge by the County Department under the supervision of the Illinois Department, shall be subject

to prior approval by the Illinois Department. The Illinois Department may prescribe standards of competence and performance which shall be applied in the selection of such employees and in the evaluation of their work and it may withhold State funds for the payment of salaries of any employees who do not comply with the foregoing provisions."

On January 1, 1974, the Illinois legislature amended section 12—18.1 of the Code, expressly stating that employees of the Cook County Department of Public Aid were employees of the State of Illinois. There is no controversy as to the status of the plaintiffs since January 1, 1974, and no question remains as to their right to job-related benefits as employees of the State since that date. We need concern ourselves, therefore, only with the construction of section 12—18.1 of the Public Aid Code prior to January 1, 1974. There appears to be a conflict within the section, which requires clarification.

■■ The cardinal rule in construction of Illinois statutes, to which all other canons and rules are subordinate, is that a statute must be construed so as to ascertain and give effect to the intention of the General Assembly as expressed in that statute. (*Gregory v. County of La-Salle* (1968), 91 Ill.App.2d 290.) In determining the intention of the General Assembly, recourse may be had to subsequent actions of the legislature. (*Bruni v. Department of Registration & Education* (1972), 8 Ill.App.3d 321.) When these two rules are applied to the facts of the present case, it appears that by the 1974 amendment the Illinois legislature made it clear that prior to January 1, 1974, it was the intention of the legislature that employees of the Cook County Department of Public Aid were employees of the State of Illinois. By the language used in the amendment, the legislature made explicit what had been implicit in the statute prior to January 1, 1974. We therefore conclude the statute provided that employees of the Cook County Department of Public Aid were employees of the State of Illinois.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.