(No. 47255.—

BARBARA MERRILL *et al.*, Appellees, v. ALLEN DRA-
ZEK, Director of the Department of Personnel, *et
al.*—(The Department of Personnel, Appellant.)

*Opinion filed November 17, 1975.*

1

CREBS, J., took no part.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellant.

Charles Barnhill, Jr., of Chicago (Davis, Miner & Barnhill, of Chicago, of counsel), for appellees Barbara Merrill *et al.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, Henry A. Hauser, Michael F. Baccash, and Catherine M. Ryan, Assistant State's Attorneys, and Joseph A. Morris (law student), of counsel), for appellee the Cook County Board of Commissioners.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

This action was filed in the circuit court of Cook County seeking a declaratory judgment, an injunction and other relief. Of the seven named plaintiffs, two were

alleged to be officers of the Illinois Union of Social Service Employees, which represents approximately 4500 employees of the Cook County Department of Public Aid. Five plaintiffs were alleged to be employees of the Cook County Department of Public Aid, who "bring this action on behalf of themselves and all other employees of the Cook County Department of Public Aid." The defendants were Allan Drazek, Director of the Illinois Department of Personnel and the President and members of the Cook County Board of Commissioners.

The relief sought by plaintiffs was a declaration whether as employees of the Cook County Department of Public Aid they were employees of the State of Illinois or the County of Cook, and an injunction enjoining "whichever governmental entity is found to be the employer of plaintiffs from treating plaintiffs any different than its other employees except as permitted by statute."

The circuit court found that plaintiffs were employees of the Illinois Department of Public Aid and that they "are and have been entitled to all job-related benefits of other Illinois Department of Public Aid Employees." The Department of Personnel appealed, the appellate court affirmed (24 Ill. App. 3d 29) and we allowed the Department's petition for leave to appeal.

It is not disputed that on January 1, 1974, and thereafter plaintiffs were employees of the State of Illinois, and in issue here is their status prior to that date. The Department of Personnel contends that prior to January 1, 1974, plaintiffs were employees of Cook County. The county contends that plaintiffs were employees of the State and that the judgment should be affirmed. Plaintiffs contend that they were employees of Cook County and ask that the judgment be reversed and the cause remanded to the circuit court "for a hearing on damages."

Prior to January 1, 1974, section 12—18.1 of the Illinois Public Aid Code (Ill. Rev. Stat. 1971, ch. 23, par.

12—18.1) provided:

"The County Department shall consist of a Director and such other employees as shall be determined by the County Board, all of whom shall be employees of the county and appointed in accordance with the law in relation to civil service in the county. However, the number and compensation of such employees as are assigned to the performance of the functions and duties prescribed in Section 12—2 of this Code, and to the additional functions set out in Section 12—18.2 for discharge by the County Department under the supervision of the Illinois Department, shall be subject to prior approval by the Illinois Department. The Illinois Department may prescribe standards of competence and performance which shall be applied in the selection of such employees and in the evaluation of their work and it may withhold State funds for the payment of salaries of any employees who do not comply with the foregoing provisions."

An amendatory act approved August 23, 1973 (Pub. Act 78—363), effective January 1, 1974, continued the foregoing version of section 12—18.1 in effect until January 1, 1974, and provided that:

"(2) On January 1, 1974, the County Department shall cease to be a governmental instrumentality of the county and shall become an instrumentality of the State and agency of the Illinois Department. On that date and thereafter the County Department shall consist of a Director of Public Aid and such staff as the Illinois Department determines to be necessary. The person serving as the Director of the County Department on the effective date of this Act shall continue to serve in that position on and after the effective date of this Act. Any vacancy in said position which thereafter occurs shall be filled by appointment made by the Illinois Department. Such appointee shall be a person recommended by the Personnel Advisory Board hereinafter established who is a resident of the county, who shall have had at least 5 years experience in responsible administrative capacities in the field of public assistance, and who shall not have been politically active in the 5 years preceding his appointment.

\* \* \*

The Director and the staff designated in subparagraphs (a) and (b) shall be employees of the Illinois Department as of January 1, 1974.

(a) Persons employed by the County Department on December 31, 1973, shall become employees of the Illinois Department if

(i) they are certified under the civil service law applicable to the county, or

(ii) they were performing functions in positions the salaries of which were reimbursable by the Illinois Department under Section 12–18.4 or payable from General Assistance funds under Section 12–21.3." Ill. Rev. Stat. 1973, ch. 23, par. 12–18.1.

Sections 12–2 and 12–18.2 to which section 12–18.1 referred provided in substance that the County Department of Public Aid was to serve as the agent of the Illinois Department in the administration of enumerated programs.

Prior to January 1, 1974, the Public Aid Code also provided for appropriation by the County Board of the "actual and necessary administrative expenses" of the County Department and reimbursement by the Illinois Department for those expenses (sec. 12–18.4), adoption by the County Board of rules and regulations for the County Department (sec. 12–18.8) and the keeping and inspection of records (sec. 12–18.9). Effective January 1, 1974, section 12–18.4 was amended to provide that the administrative costs shall be paid from funds appropriated or made available to the Illinois Department. Amendments effective January 1, 1974, provided for changes in the promulgation of rules (sec. 12–18.8) and the keeping and inspection of records (sec. 12–18.9). Also amended was section 12–18.6, which prior to January 1, 1974, had enumerated four general classifications of functions which the County Department "shall" perform. Effective January 1, 1974, concerning those enumerated functions, section 12–18.6 provided:

"On January 1, 1974, and thereafter the County Department shall exercise such of the foregoing functions

as the Illinois Department may direct." (Ill. Rev. Stat. 1973, ch. 23, par. 12—18.6.)

Also effective January 1, 1974, section 12—18.1 provided:

"(b) Persons meeting the qualification of (a)(i) who were performing functions described in Section 12—18.6 shall become employees of the Illinois Department by operation of this amendatory Act if designated as follows: Prior to January 1, 1974, the Illinois Department shall determine which of the functions designated in Section 12—18.6 are to be exercised after such effective date by the County Department and give notice of this determination by registered mail to the County Board. The notice shall also designate the persons who by virtue of this determination become employees of the Illinois Department on January 1, 1974. A determination of the functions to be exercised by the County Department under Section 12—18.6 shall not preclude the Illinois Department from thereafter changing or modifying it." Ill. Rev. Stat. 1973, ch. 23, par. 12—18.1(2)(b).

The parties have briefed and argued the rules governing the construction of statutes and the significance of amendatory action by the General Assembly. Recognizing at all times that "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature in enacting the law" (*Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority,* 33 Ill.2d 587, 591-92), we have held that an amendment of a statute "creates a presumption that it was intended to change the law as it formerly existed [citations], but this presumption is not necessarily controlling and may be overcome by more persuasive considerations." (*Scribner v. Sachs,* 18 Ill.2d 400, 411.) Most apposite, here, we have also said "The legislative intent must be gathered from the entire act rather than from one clause, sentence or section thereof, and courts may not confine their attention to the one part or section to be construed. (*People v. Giles,* 268 Ill. 406; *Warner v. King,* 267 id. 82.) A statute is passed as a whole and not in parts or sections,

hence each part should be construed in connection with every other part or section in order to ascertain the intention of the legislature." *Illinois Bell Telephone Co. v. Ames,* 364 Ill. 362, 365-66.

Our examination of the Public Aid Code and the amendments which became effective on January 1, 1974, persuades that although prior to January 1, 1974, the County Department served as agent of the Illinois Department in the administration of its programs and was required to comply with its standards of competence in the selection of its employees, the clearly expressed legislative intent was that its employees be employees of Cook County. In addition to the amendments above enumerated the amendatory act approved August 23, 1973, provided for preservation of pension rights (see Ill. Rev. Stat. 1973, ch. 23, par. 12–18.1(b)(3); ch. 108½, par. 9–238), and preservation of union and credit union membership (ch. 23, par. 12–18.1(b)(3)), and reflects a carefully prepared plan to implement the change in status from employees of the county to employees of the State. The fact that the Illinois Department was empowered to prescribe the standards of employee competence and that the State reimbursed the county for expenditures did not suffice to overcome the clearly stated provision that prior to January 1, 1974, these people were employees of the county, and we so hold.

For the reasons set forth the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Cook County for proceedings consistent with this opinion.

*Reversed and remanded, with directions.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.