BARBARA MERRILL *et al.*, Plaintiffs-Appellants, *v.* ALLAN DRAZEK *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-1615

---

Opinion filed March 10, 1978.

Charles Barnhill, Jr., and Harold M. Brody, both of Chicago (Davis, Miner & Barnhill, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs, employees of the Cook County Department of Public Aid, were denied leave to file a first amended complaint, and the propriety of this ruling is the only question presented for review.

Plaintiffs brought suit against the Director of the Illinois Department of Personnel and the members of the Cook County Board of Commissioners, seeking (1) a declaration as to whether the State of Illinois or the County of Cook was their employer; (2) an injunction foreclosing such employer from treating them differently than other employees; (3) the cost of the action; and (4) "such other and further relief as this court deems just and proper."

Plaintiffs moved for summary judgment and, after a hearing, the trial court entered an order which declared that plaintiffs are and have been employees of the State of Illinois and further ordered that:

"[P]laintiffs' claim for damages is severed and plaintiffs are directed to bring suit for damages (if they still so desire) in the Illinois Court of Claims if this Order is not appealed or if this Order is appealed in the relevant Court dictated by the outcome of appeal. In either instance the filing of the Complaint in this cause shall be deemed to have tolled the statute of limitations with respect to the damage claim."

The State prosecuted an appeal from that order and, during its pendency, the General Assembly enacted legislation providing that plaintiffs were employees of the State as of January 1, 1974. (Ill. Rev. Stat. 1973, ch. 23, par. 12—18.1(2)(b).) In that appeal, this court affirmed the trial court (*Merrill v. Drazek* (1974), 24 Ill. App. 3d 29, 320 N.E.2d 495), but the Illinois Supreme Court reversed (*Merrill v. Drazek* (1975), 62 Ill. 2d 1, 338 N.E.2d 164), holding that plaintiffs prior to January 1, 1974, were employees of Cook County and remanded for proceedings consistent with its opinion.

Upon remand, plaintiffs moved for leave to file an amended complaint, alleging with specificity their claim for damages against Cook County (hereafter defendant). Objections were filed and, after a hearing, the trial court entered an order denying plaintiffs' leave to file the amended complaint and declaring, in accordance with the opinion of the supreme court, that plaintiffs were employees of Cook County prior to January 1, 1974. When this order was entered, the trial court stated that it would not hear the damage suit with the declaratory judgment action and then said, "You can file a suit for damages if you want. I am not going to amend the complaint—to hear the damages myself."

OPINION

Plaintiffs contend the denial of leave to file their amended complaint was an abuse of discretion. In its brief, defendant does not support the judgment on the basis of the trial court's statement at the time the order was entered that damages could not be heard with the declaratory judgment action. During oral argument, defendant conceded that if this were the sole basis on which judgment was entered, it would have been error. It argues, however, that any ground appearing in the record which will sustain the judgment may be raised and, accordingly, it contends that the judgment may be supported by either of the following grounds: (1) the opinion of the supreme court had resolved all issues presented by plaintiffs' complaint; and (2) plaintiffs delayed over seven months after the issuance of the supreme court's mandate before seeking leave to amend.

■■ ■ We do not believe the denial of leave to amend can be supported on either ground. First, where a reviewing court remands a cause with specific directions regarding further proceedings in the trial

court, such directions must be followed exactly. (*Roggenbuck v. Breuhaus* (1928), 330 Ill. 294, 161 N.E. 780.) Directions requiring the trial court to proceed consistent with the views expressed by the reviewing court are general in nature, and the trial court may allow amendment of the pleadings as well as the introduction of new evidence if consistent with the announced legal principles. (*Kinney v. Lindgren* (1940), 373 Ill. 415, 26 N.E.2d 471; *Roggenbuck v. Breuhaus; Wolkau v. Wolkau* (1921), 299 Ill. 176, 132 N.E. 507.) However, those questions actually decided on appeal are foreclosed from further consideration upon remand. *Town of Kaneville v. Meredith* (1935), 361 Ill. 556, 198 N.E. 857.

In the instant case, the original order of the trial court severed plaintiffs' claim for damages while entering judgment on their request for declaratory relief. An appeal was taken only from the declaration that plaintiffs were employees of the State of Illinois. Further, the opinions disclose that neither this court nor the supreme court considered the question of damages on appeal. Thus, contrary to defendant's contention, the amendment of the pleadings to state with specificity a damage claim against defendant was not proscribed by the views expressed in the supreme court's opinion.

■■■ Second, the Civil Practice Act provides that amendments may be allowed at any time before final judgment. (Ill. Rev. Stat. 1975, ch. 110, par. 46(1).) The granting or refusal of a motion for leave to amend rests in the discretion of the court. (*Murphy v. Murphy* (1975), 31 Ill. App. 3d 321, 334 N.E.2d 779.) This discretion should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's action or defense. (30 Ill. L. & Prac. *Pleading* §103 (1957); *Banks v. United Insurance Co.* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.) The test to be applied in determining whether discretion was properly exercised is whether it furthers the ends of justice. (*Hastings v. Abernathy Taxi Association, Inc.* (1973), 16 Ill. App. 3d 671, 306 N.E.2d 498.) While there is no absolute right to amend, leave to do so should not be denied on the basis of delay without a showing of prejudice other than "mere inconvenience occasioned by delay." 28 Ill. App. 3d 60, 64, 328 N.E.2d 167, 171.

In the instant case, while plaintiffs did not ask leave to amend until seven months after the supreme court's mandate was issued, defendant has made no showing that it was prejudiced by this delay. Instead, relying on *Corwin v. Rheims* (1945), 390 Ill. 205, 61 N.E.2d 40, it argues that no such showing is required. We disagree. First, because the question of prejudice was not discussed in *Corwin*. Second, because the court held in *Corwin* that leave to amend was properly denied where good excuse was not shown for the omission from the original pleading of the substance of the desired amendment.

The record here discloses that the substance of the proposed amended complaint is found in the original pleading, in which plaintiffs asked, in addition to declaratory and injunctive relief, for "such other relief as this court deems just and proper." They appended to the pleading a chart setting forth their claim of loss because of the difference in the work-related benefits they received as compared to those granted to recognized State and county employees. It is also noted that in both their motion for summary judgment and memorandum in support thereof, they asserted a deprivation of job-related benefits and requested reimbursement therefor. Furthermore, by severing "plaintiffs' claim for damages," it is obvious that the trial court considered plaintiffs' original pleading to encompass such a claim. Thus, we believe here that the substance of the proposed amendment was included in the original complaint and, in view thereof, we find that *Corwin* is not controlling.

Moreover, it also appears that the supreme court considered that a claim for damages had been presented. In its opinion, the supreme court stated that the trial court "found that plaintiffs were employees of the Illinois Department of Public Aid and that they 'are and have been entitled to all job-related benefits of other Illinois Department of Public Aid Employees.' * * * Plaintiffs contend that they were employees of Cook County and ask that the judgment be reversed and the cause remanded to the circuit court 'for a hearing on damages.' " 62 Ill. 2d 1, 3, 338 N.E.2d 164, 165-66.

■■ There being no showing that the granting of leave to amend would prejudice defendants, we conclude that the interest of justice would be better served by granting leave to amend.

For the reasons stated, the judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.