(No. 85-CC-0443-

COUNTY OF COOK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1987.*

*Order filed November 2, 1987.*

JUDE WIENER, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

This cause comes on for hearing upon a claim by the Claimant for reimbursement of certain expenses paid by Cook County to Cook County Public Aid employees. Under the former statutory arrangement, Ill. Rev. Stat., ch. 23, pars. 12—5, 12—18.4, and other similar statutes, the State of Illinois was to reimburse county departments of public aid for actual administrative expenses incurred in their discharge of duties in administering certain programs.

This case arose out of an award made in a case filed in the circuit court of Cook County, *Merrill v. Drazk*, 72 Ill. 5384. That case arose when certain employees of Cook County filed suit claiming that they were discriminated against because they did not receive the same benefits that other Cook County employees received. An award was ultimately made in that case to the plaintiffs. It has been an issue as to whether or not the State and County agreed on an indemnification agreement, which would be effective if the County did not appeal. This Court finds that if such an indemnification agreement ever existed, it has not been proven to this Court by competent evidence.

Ultimately, a factual stipulation was entered into by the Claimant and the Respondent. Pursuant to the stipulation, the Claimant agreed to reduce its claim to $2,405,055.26. Subsequent to the filing of the stipulation, Claimant filed a motion for summary judgment. Respondent filed a motion against summary judgment, and

the Claimant filed a reply to the Respondent's motion against summary judgment. Subsequent to the filing of the Claimant's reply, the Respondent has not filed any additional pleadings. Therefore, this Court must accept the fact that the Respondent has stipulated to the entry of a judgment in favor of the Claimant in the sum of at least $2,405,055.26. This award is further supported by the fact that a similar case was decided by this Court, *County of Cook v. State* (1983), 36 Ill. Ct. Cl. 68. This case had a very similar factual situation.

The State continues to contest the entry of a further sum of $22,288.79, since the State claims they were attorney fees. The Court has considered the factual stipulation entered into between the parties, and they have considered the exhibits attached to the Claimant's reply to the Respondent's motion against summary judgment. Exhibit C-1, attached to that pleading, clearly establishes the County's argument is correct as to the status of the sum of $22,288.79. It further appears that the factual stipulation entered into by the parties effectively eliminates any dispute on the underlying facts involved in this case.

Therefore, it is the opinion of this Court that an award should be entered in favor of the Claimant, the County of Cook, and against the Respondent, State of Illinois, in the sum of $2,405,055.26 (two million four hundred five thousand fifty five dollars and twenty six cents) pursuant to the factual stipulation entered into between the parties, and an additional award of $22,288.79 (twenty two thousand two hundred eighty eight dollars and seventy nine cents), said award to reflect the final payout pursuant to exhibit C-1 attached to the Claimant's reply to the Respondent's motion against summary judgment. It is so ordered.

## ORDER

Patchett, J.

This matter coming on to be heard upon the motion of Respondent for leave to withdraw its motion to reconsider this Court's June 22, 1987, opinion granting Claimant's motion for summary judgment, due notice having been given the parties hereto, and the Court being fully advised in the premises;

It is hereby ordered that Respondent's motion be, and the same is, hereby granted, and Respondent is hereby granted leave to withdraw its motion to reconsider.