(No. 85-CC-0442– )

COUNTY OF COOK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1987.*

*Order on motion for reconsideration filed May 24, 1990.*

JUDE WEINER, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This cause comes on for hearing upon the motion for summary judgment filed herein by the Claimant, County of Cook. The Court has considered the Respondent's response to the Claimant's motion for summary judgment, and all the documents contained therein. In addition, the Court has considered the oral arguments made on September 23, 1985, in reference to this case and a similar, but nonrelated, case, *County of Cook v. State* (1987), 40 Ill. Ct. Cl. 143.

The aforementioned case arises from the Cook County Circuit Court case of Merrill v. Drazk. There, a county was found liable for failure to provide the same benefits for certain Cook County employees as they did for other Cook County employees. This Court decided a

very similar case in the *County of Cook v. State* (1983), 36 Ill. Ct. Cl. 68. That case arose out of a Cook County Circuit Court case, *Best v. Daniel*, 42 Ill. App. 3d 401, 355 N.E.2d 556. That case involved the failure to pay overtime to Cook County employees who were administering a State of Illinois program pursuant to statute. Prior to January 1, 1974, Cook County Department of Public Aid workers administered certain State programs, and the State reimbursed Cook County for the administrative expenses of that program. This Court has held, both in *County of Cook v. State*, 78-CC-1087, and in the recent *County of Cook v. State* (1987), 40 Ill. Ct. Cl. 143, that court-ordered awards against Cook County for those employees should be reimbursed by the State pursuant to statute. However, this case arises out of *Liberles v. Daniel* (1983), 709 Fed. 2d 1122. This is a Federal court case in which an award was entered against the county of Cook, and in favor of the plaintiffs, based on race discrimination. In addition, the State's potential liability in this case was fully litigated in Federal court. That court, specifically Judge John Powers Crowley, very specifically held that it was the expressed legislative intent prior to January 1, 1974, that Cook County Department of Public Aid employees be employees of Cook County. Judge Crowley relied on *Merrill v. Drazk* (1975), 62 Ill. 2d 1, 338 N.E.2d 164. Judge Crowley had both the State and Cook County in court as defendants. He had the chance to hear all the evidence, consider all the applicable law, and to make a ruling on the issue of liability. The court believes that there is a very important distinction to be made between failing to pay employees for holiday pay, overtime pay, and other like payroll-type expenses, and the discrimination against employees on the basis of race. Both the Federal district court and the seventh circuit court of

appeals rejected the argument that the State forced the county to discriminate. In addition, racial discrimination violates State guidelines and State statutes. Therefore, this Court finds that court-ordered awards made to plaintiffs on the basis of racial discrimination are not administrative expenses which can be reimbursed to the county by the State of Illinois. Therefore, we deny the summary judgment that has been asked for by the Claimant, and we enter judgment for the Respondent.

## ORDER ON MOTION FOR RECONSIDERATION

PATCHETT, J.

This cause comes on for hearing upon the Claimant's motion for reconsideration. The Court allows the late filing of the motion to reconsider. The Court has reviewed the motion to reconsider and finds nothing new contained therein.

For the reasons previously stated, the motion to reconsider is hereby denied.