No. 2--06--0712                                                    filed:
                                                                   9/28/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ERNEST B. CAREY, | ) | Appeal from the Circuit Court |
| | ) | of De Kalb County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06--L--13 |
| | ) | |
| RICHARDS BUILDING SUPPLY | ) | |
| COMPANY, | ) | Honorable |
| | ) | Kurt P. Klein, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Ernest B. Carey, filed a complaint in the circuit court of De Kalb County, alleging that he was terminated by defendant, Richards Building Supply Company, for filing a claim for benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 et seq. (West 2004)). Defendant responded with a motion to stay the proceedings and compel arbitration. The circuit court denied the motion. For the reasons that follow, we reverse and remand with directions.

The resolution of this appeal turns on the interpretation of two sections of a document entered into by the parties, titled "Arbitration Agreement." The first section provides as follows:

"Employer and employee mutually agree that all disputes between them of any kind or type (except claims for workers' compensation or unemployment benefits) whenever they may arise will be submitted exclusively to final and binding arbitration as

specified herein and pursuant to the American Arbitration Association's National Rules for the Resolution of Employment disputes (the 'National Rules')."  (Emphasis added.)

Additionally, the following section is also relevant to this appeal:

"The Arbitrator shall have the sole and exclusive authority to decide questions regarding the enforceability of this Agreement, the arbitrability of particular disputes, and the interpretation of terms of this Agreement or terms contained in the National Rules."

Because the resolution of this appeal turns on the interpretation of these contractual provisions, the de novo standard of review applies.  FTI International, Inc. v. Cincinnati Insurance Co., 339 Ill. App. 3d 258, 259 (2003).

The trial court found ambiguous the exclusion of "claims for workers' compensation."  In coming to this conclusion, the court observed that an ordinary person, as opposed to an attorney, would not understand the difference between (1) a tort claim for retaliatory discharge for seeking workers' compensation benefits and (2) a claim under the Act.  Since the contract did not clearly place plaintiff's tort action within the scope of the arbitration agreement, the trial court concluded that it was outside of its scope.  It therefore denied defendant's motion.

Whether the trial court should have resolved this issue, and, indeed, whether we should resolve it, presents a fair question.  As noted above, the agreement commits to an arbitrator decisions about its applicability.  Fortunately, considerable guidance exists in the case law of this state to help us determine who, in the first instance, should have determined whether plaintiff's claim is subject to arbitration under the agreement.

The parties do not address whether the Federal Arbitration Act (9 U.S.C. §1 et seq. (2000)) or the Illinois Uniform Arbitration Act (710 ILCS 5/1 et seq. (West 2004)) controls this action.  This is significant, as, under the Federal Arbitration Act, the trial court typically decides the arbitrability

of a dispute. Bahuriak v. Bill Kay Chrysler Plymouth, Inc., 337 Ill. App. 3d 714, 718-19 (2003). Under the Illinois Uniform Arbitration Act, the issue may be resolved by the trial court or an arbitrator, depending upon the circumstances. Bahuriak, 337 Ill. App. 3d at 718. The Federal Arbitration Act was enacted pursuant to the commerce clause (U.S. Const., Art. I, §8, cl. 3). Perry v. Thomas, 482 U.S. 483, 490, 96 L. Ed. 2d 426, 436, 107 S. Ct. 2520, 2526 (1987). Hence, its applicability depends on a tie to interstate commerce. No such tie is apparent, so we will apply the Illinois Uniform Arbitration Act.

Under Illinois law, who decides the arbitrability of a dispute depends on the complexity of the issue. If the arbitration agreement is clear as to whether a dispute should be arbitrated, the trial court makes the initial determination. Bahuriak, 337 Ill. App. 3d at 718. If, on the other hand, the language of the agreement is broad and it is unclear whether the dispute falls within the agreement's scope, the determination should be made by an arbitrator. Bahuriak, 337 Ill. App. 3d at 718. Moreover, if the parties have contracted to submit the question of arbitrability to an arbitrator, the arbitrator should decide the issue. Bahuriak, 337 Ill. App. 3d at 719.

In this case, the trial court erred in deciding the issue, for two reasons. First and foremost, the parties have expressly agreed to submit the question of arbitrability to an arbitrator. Plaintiff makes no argument that there is any ambiguity in the agreement regarding this point.

Second, the issue should have been submitted to an arbitrator because the language of the agreement is indeed broad and it is not clear whether plaintiff's claim falls within the scope of the agreement. In Melena v. Anheuser-Busch, Inc., 219 Ill. 2d 135, 149 (2006), our supreme court held that arbitration agreements are to be analyzed using ordinary principles of contract law. Such an analysis could begin with addressing whether the "basic ingredients" of a contract--offer, acceptance, and consideration--are present. See Steinberg v. Chicago Medical School, 69 Ill. 2d

320, 329 (1977). However, here, the parties do not dispute that a contract exists. Rather, their disagreement is centered on the meaning of the agreement. Thus, our inquiry will focus on another fundamental aspect of contract law, namely, interpretation.

As always, the objective in interpreting a contract is to ascertain and give effect to the intent of the parties. Farwell Construction Co. v. Ticktin, 84 Ill. App. 3d 791, 796 (1980). Though the term "intent" is frequently used in this context, subjective intentions are irrelevant; rather, the pertinent inquiry focuses upon the objective manifestations of the parties, including the language they used in the contract. See Paxton-Buckley-Loda Educational Ass'n, IEA-NEA v. Illinois Educational Labor Relations Board, 304 Ill. App. 3d 343, 350 (1999). Thus, it is commonly stated that undisclosed intentions are not relevant. American College of Surgeons v. Lumbermens Mutual Casualty Co., 142 Ill. App. 3d 680, 699-700 (1986). Where the language of a contract is plain, it provides the best evidence of the parties intent and will be enforced as written. Owens v. McDermott, Will & Emery, 316 Ill. App. 3d 340, 344 (2000). However, if a term of an agreement is susceptible to more than one reasonable interpretation, it is ambiguous. Platt v. Gateway International Motorsports Corp., 351 Ill. App. 3d 326, 330 (2004). Mere disagreement between the parties does not make a term ambiguous (Joseph v. Lake Michigan Mortgage Co., 106 Ill. App. 3d 988, 991 (1982)), which follows naturally from the principle that the subjective intentions of the parties are not relevant. To find an ambiguity, then, it is necessary that two objectively reasonable interpretations exist.

Defendant relies on one such interpretation, namely, that only claims arising under the Act (820 ILCS 305/1 et seq. (West 2004)) are exempt from arbitration. Plaintiff, on the other hand, claims that an ordinary person would view the exemption as applying to any claim relating to a workers' compensation issue and that being fired for seeking benefits is such an issue. Indeed, it

strikes us as quite reasonable that, as the trial court pointed out, a lay person, as opposed to a lawyer, might not understand the difference between common-law torts and statutory causes of action. This observation raises an additional question. The technical meaning of a legal term of art is something beyond the knowledge of lay people. Generally, parties may be charged with knowledge of a trade practice only if they are, or should be, aware of it. Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc., 127 Ill. App. 3d 589, 591 (1984). Analogously, if, as defendant maintains, it and a lay person contracted with reference to some legal principle, there should be some showing that the lay person was aware of the principle. It is a bit artificial to say that an ordinary person, entering into a contract, is aware of such things, and it is therefore somewhat problematic to say that the person's intent coincided with some bit of knowledge that few nonlawyers possess.

Indeed, a number of defendant's arguments amount to question begging, in that they assume that defendant's interpretation of the contract should prevail. For example, defendant cites Melena, 219 Ill. 2d at 148, quoting Seus v. John Nuveen & Co., 146 F.3d 175, 183-84 (3d Cir. 1998), for the proposition that " '[n]othing short of a showing of fraud, duress, mistake or some other ground recognized by the law applicable to contracts generally would have excused the district court from enforcing [the plaintiff's] agreement' " to arbitrate. Similarly, defendant points out that "a party to an agreement is charged with knowledge of and assent to the agreement signed." Melena, 219 Ill. 2d at 150. These principles are certainly true; however, they say nothing about the meaning of the agreement. Undoubtedly, a party is charged with knowledge of an agreement. This, however, is not the same as saying that a party is charged with knowledge of the meaning of a technical term. It therefore begs the question to say that plaintiff is charged with knowledge of the agreement, because it is the meaning of the agreement that is at issue. Defendant's arguments to this effect assume, rather than address why, the meaning of the agreement is as defendant wishes it to be.

We also find ill taken defendant's contention that plaintiff's position amounts to an attempt to revive the knowing-and-voluntary waiver standard, which our supreme court rejected in Melena, 219 Ill. 2d at 149. Because contracts are interpreted objectively, the question of what a reasonable person would take the agreement to mean is relevant. Thus, when plaintiff asserts that a "reasonable employee, in plaintiff's bargaining position," would not have contemplated that a retaliatory discharge claim would be submitted to arbitration, we do not take it as an attempt to invoke the principle rejected in Melena. Rather, we read it as an appeal to the ordinary principle of contractual interpretation that a contract must be construed, relying on objective criteria, in accordance with the ordinary expectations of reasonable people. Faulkner v. Allstate Insurance Co., 291 Ill. App. 3d 706, 710 (1997), quoting Carlson v. New York Life Insurance Co., 76 Ill. App. 2d 187, 196 (1966) (" 'The policy must be *construed in the light of the reasonable expectation and purpose of the ordinary man when making an ordinary* contract' ").

As should now be clear, the question of whether the dispute between plaintiff and defendant must be submitted to arbitration is a complex one. Moreover, the scope of the arbitration clause is quite broad, requiring all but two types of issues to be arbitrated. As noted previously, under the law of this state, when the clause is broad and its scope is unclear, the determination of whether the dispute is arbitrable should be submitted to an arbitrator. Bahuriak, 337 Ill. App. 3d at 718.

To conclude, the trial court erred in deciding this issue, for two reasons: the agreement between the parties committed to an arbitrator the determination of arbitrability and, under the Illinois Uniform Arbitration Act (710 ILCS 5/1 et seq. (West 2004)) and the case law interpreting it, an arbitrator should have determined the arbitrability of plaintiff's action. We therefore reverse the trial court's judgment. The cause is remanded with directions to stay the proceeding and compel the parties to submit the question of arbitrability to an arbitrator.

Reversed and remanded with directions.

BOWMAN and CALLUM, JJ., concur.