(No. 76-CC-2837 

WINZELER TRUCKING COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed February 15, 1978.*

POLOS, C.J.

This cause is before the Court following oral argument on the cross motions of the parties for summary judgment.

The claim herein arises out of a contract which Claimant entered into in 1974 with the Martin Marietta Corporation, to provide truck transportation for road building supplies to the site of a State highway construction project. The Rock Roads Construction Company was the primary contractor on the job, and it had subcontracted certain work to Martin Marietta Corporation, which in turn has entered into the aforesaid contract with Claimant.

Claimant alleges that it lost substantial sums on the contract because it contracted much of its trucking with other firms, and had to pay increased rates to them when the Illinois Commerce Commission authorized a number of increases in freight rates during the course of the contract. Claimant further alleges that it was unable to pass on the increased rates because of Section 109.20 of the Department of Transporation Standard Specifications for Road and Bridge Construction, which allows increases in rates for railroad and barges to be passed on to the State, while not providing for such increases to be passed on from trucking firms.

Claimant alleges that Section 109.20 violates the due process and equal protection clauses of the Federal Constitution, and seeks damages in the amount of his losses under the contract.

On consideration of the cross motions for summary judgment filed herein, the memorandums of the parties in support of and in opposition to those motions, and the oral arguments had in this cause, the Court finds that there are no disputed issues of material fact.

The Court further finds that as a matter of law, Claimant has no cause of action against the State of Illinois for his losses under his contract with Martin Marietta Corporation, as the State of Illinois was not a party to that contract.

The Court further finds that as a matter of law, it has no jurisdiction to determine whether Section 109.20 of the Department of Transporation Standard Specifications for Road and Bridge Construction is unconstitutional.

It is therefore ordered that Claimant's motion for summary judgment be, and hereby is denied, and

Respondent's motion for summary judgment be, and hereby is, granted, and this cause is accordingly dismissed.