(No. 92-CC-0646—)

ERIC CAINE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1995.*

ERIC CAINE, *pro se*, for Claimant.

JIM RYAN, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

The Claimant is serving a natural life sentence in the Department of Corrections. Mr. Caine had been a resident of the Stateville Correctional Center when he received a disciplinary report alleging that he violated certain rules of the Department of Corrections. The Claimant alleged that

the Respondent failed to provide him with adequate notice of the charges against him or failed to conduct a timely disciplinary hearing on the charges. He claims that he suffered 120 days in segregation as a result and was denied due process. He seeks $2,600 in compensation.

The incident for which Mr. Caine originally received discipline occurred on December 7, 1990. The circumstances surrounding the incident were disputed. The department admitted, in a May 17, 1991, letter to the Claimant, that it did not conduct a hearing within eight days of the incident. This letter was made a part of the record as Claimant's Exhibit 1. The eight-day requirement is contained in departmental rule 504.

The department's letter of May 17, 1990, specified that on the day of the incident, Mr. Caine left Stateville Correctional Center on a medical furlough and was returned on December 14, 1990. On December 18, 1990, he was transferred to the Menard Psychiatric Center. Approximately a month after arriving at Menard Psychiatric Center, Mr. Caine was placed in segregation.

The disciplinary report from Stateville Correctional Center regarding the incident of December 7, 1990, was received by Menard Psychiatric Center on January 7, 1991. It was served the same day on Mr. Caine. Mr. Caine was afforded a hearing by the Menard Psychiatric Center adjustment committee on January 9, 1991. The Administrative Review Board considered the matter on February 5, 1991.

In the letter dated May 17, 1991, and referred to above, the Administrative Review Board recommended that the disciplinary report be expunged. The board also recommended that the "C" grade demotion (which was given to the Claimant) be deleted because it was not

processed in a timely manner. Finally, the board recommended that the Claimant receive unassigned State pay for the time spent in segregation.

Mr. Caine admitted he filed a grievance and admitted that he received $5.24 for the days he spent in segregation. He understood the $5.24 to be for the 11 days spent in segregation at Stateville Correctional Center. He did not receive any unassigned pay for time spent in segregation in Menard Psychiatric Center. He arrived at the $2,600 sum of damages sought arbitrarily.

The record does not reflect the date when Mr. Caine was placed in segregation at Menard Psychiatric Center, nor does the record indicate why he was placed in segregation. The record is also silent as to how long Mr. Caine was in segregation at Menard Psychiatric Center. There is insufficient information, therefore, as to whether Mr. Caine could have pursued a grievance regarding his being placed in segregation by Menard Psychiatric Center.

The Claimant has the burden of proof to establish a claim against the State of Illinois in the Illinois Court of Claims. To the extent that this claim is for damages resulting from being placed in segregation at Menard Psychiatric Center, he has totally failed to meet his burden of proof.

The proof elicited at the hearing in this case indicates, on the other hand, that Mr. Caine was completely successful in pursuing his grievance regarding the incidents which occurred at Stateville Correctional Center. No further damages would therefore be due.

Finally, to the extent that Mr. Caine's claim is a cause of action for alleged deprivation of due process, this Court lacks the jurisdiction to consider it. Issues of constitutionality are outside the jurisdiction of the Court of

Claims. See *Reyes v. State* (1979), 35 Ill. Ct. Cl. 498 and *Winzeler Trucking Co. v. State* (1978), 32 Ill. Ct. Cl. 191.

For the reasons stated above, we hereby deny this claim.