# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*McMackin v. Weberpal Roofing, Inc.*, 2011 IL App (2d) 100461

---

| | |
|---|---|
| Appellate Court Caption | SCOTT McMACKIN and TAMARA McMACKIN, Plaintiffs, v. WEBERPAL ROOFING, INC., Defendant and Third-Party Plaintiff-Appellant (McMackin Construction, Third-Party Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-10-0461 |
| Filed | October 17, 2011 |
| Rehearing denied | November 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff's employer waived its workers' compensation lien against any recovery plaintiff might obtain from his lawsuit against defendant, defendant's right to seek contribution from plaintiff's employer was extinguished and the trial court properly granted the motion of plaintiff's employer to dismiss defendant's contribution claim. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 07-LA-300; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Harvey A. Paulsen and Julie L. Simpson, both of Paulsen, Malec & Malartsik, Ltd., of Wheaton, for appellant.

Catherine A. O'Connell, of Morse, Bolduc & Dinos, of Chicago, for appellee McMackin Construction.

Thomas J. Popovich and Mark J. Vogg, both of Law Offices of Thomas J. Popovich, P.C., of McHenry, for appellees Scott McMackin and Tamara McMackin.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Bowman and Burke concurred in the judgment and opinion.


**OPINION**

¶ 1    Defendant and third-party plaintiff, Weberpal Roofing, Inc., appeals the dismissal of its third-party complaint for contribution against third-party defendant, McMackin Construction. On appeal, Weberpal argues: (1) the trial court erred by dismissing its third-party complaint for contribution; and (2) the trial court abused its discretion by finding that the agreement between McMackin Construction and the underlying plaintiffs, Scott and Tamara McMackin, was made in good faith. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Initially, we address McMackin Construction's request that we strike Weberpal's statement of facts contained in its appellate brief. McMackin Construction argues that it should be struck because it contains argument and is supported by citations to Weberpal's own pleadings and supporting memoranda. Illinois Supreme Court Rule 341(h)(6) (eff. Mar. 16, 2007) requires in part that the statement of facts contain "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Although our review of Weberpal's statement of facts reveals that it does not comport with Rule 341(h)(6), Weberpal's violations of the rule do not hinder our review of the case. Thus, we need not strike Weberpal's statement of facts. See *John Crane Inc. v. Admiral Insurance Co.*, 391 Ill. App. 3d 693, 698 (2009). However, we will disregard arguments and unsupported statements contained therein. We now provide the following relevant facts contained in the record.

¶ 4    The underlying plaintiffs in this case are Scott and Tamara McMackin (Scott), who filed suit on August 27, 2007, against Weberpal, alleging negligence after Scott was injured in

-2-

August 2006 during the course of his employment with McMackin Construction. On May 13, 2009, Weberpal filed a third-party complaint against McMackin Construction, seeking contribution. On May 22, 2009, McMackin Construction filed an affirmative defense alleging that Scott had filed a workers' compensation claim and that its maximum liability in contribution was limited to the amount it paid Scott in benefits.

¶ 5	On August 12, 2009, the trial court entered an order stating that it had been advised by Scott and Weberpal that they had agreed to submit their case to mediation. On October 16, 2009, Weberpal filed a motion to dismiss Scott's complaint.

¶ 6	On October 26, 2009, Scott signed a "RELEASE OF ALL CLAIMS" (release)[1] in which Scott released Weberpal and McMackin Construction from any and all claims and causes of action arising from the August 2006 accident in which Scott was injured. The release provided that, at the time of its execution, Scott received $450,000 from Weberpal as consideration for the release.[2]

¶ 7	The release provided, in pertinent part: "This release in no way releases McMackin Construction from any worker's compensation claims and/or third party contribution claims." The release also provided: "This release contains the entire agreement between the parties hereto, and are [sic] not a mere recital."

¶ 8	On November 14, 2009, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2008)), McMackin Construction filed a motion to dismiss Weberpal's complaint for contribution. In its motion, McMackin Construction alleged the following. Its employee, Scott, filed a workers' compensation claim against McMackin Construction, alleging that Scott sustained injuries in the course of his employment. Pursuant to the Workers' Compensation Act (820 ILCS 305/1 et seq. (West 2008)), McMackin Construction had paid Scott $134,797.27, to date. Scott filed a complaint against Weberpal, alleging negligence, and Weberpal filed a third-party complaint against McMackin Construction, seeking contribution. McMackin Construction and Scott entered into an agreement whereby McMackin Construction waived its workers' compensation lien against Scott's recovery of an award from his lawsuit against Weberpal. See 820 ILCS 305/5(b) (West 2008). Further, McMackin Construction alleged that, by waiving its lien under section 5(b) of the Workers' Compensation Act, it was relieved of any liability for contribution to Weberpal and, therefore, Weberpal's contribution complaint should be dismissed.

¶ 9	Weberpal's response to McMackin Construction's motion to dismiss alleged that: (1) the agreement between Scott and McMackin Construction did not "comport with the requirements of" section 2 of the Joint Tortfeasor Contribution Act (Contribution Act) (740

---

[1]Although a copy of the release states that it was signed on October 26, *2010*, the parties do not contest that the year is a typographical error and that it was actually signed on October 26, *2009*.

[2]However, Scott did not actually receive the $450,000 when the release was executed. The record indicates that, in December 2009, Scott filed a new complaint against Weberpal and its attorney, seeking the $450,000 plus costs and fees. In January 2010, Weberpal paid Scott $450,000, and Scott's complaint was dismissed in April 2010.

ILCS 100/2 (West 2008)); (2) the agreement was not made in good faith; and (3) allowing the agreement to stand would frustrate the purposes of the Contribution Act because it would allow Scott a double recovery. Weberpal's prayer for relief sought denial of McMackin Construction's motion to dismiss and requested "that the payment pursuant to the [agreement] entered into between [Scott] and Weberpal Roofing be offset by the amount of the Worker's Compensation lien waiver."

¶ 10 After a hearing[3] and arguments by counsel, the trial court granted McMackin Construction's motion to dismiss Weberpal's contribution action. Weberpal filed a notice of appeal.

¶ 11 II. ANALYSIS

¶ 12 A. Jurisdiction

¶ 13 Initially, we address McMackin Construction's argument that this court lacks jurisdiction because Weberpal's notice of appeal was filed prematurely. Weberpal asserts that this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. May 30, 2008). To understand this issue the following facts are necessary.

¶ 14 On October 16, 2009, Weberpal filed a motion to dismiss Scott's underlying complaint. Weberpal's third-party contribution claim was dismissed on April 21, 2010; the order contained no findings under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Weberpal filed its notice of appeal on May 10, 2010. On August 25, 2010, the trial court dismissed Scott's underlying suit against Weberpal, "pursuant to settlement *** *nunc pro tunc* on April 21, 2010."

¶ 15 Illinois Supreme Court Rule 303(a)(2) (eff. May 30, 2008) provides in relevant part:

"(2) When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or *before the final disposition of any separate claim*, becomes effective when the order disposing of said motion or claim is entered." (Emphasis added.)

McMackin Construction argues that the April 21, 2010, order dismissing Weberpal's claim for contribution against McMackin Construction was not a final order because Scott's claim against Weberpal had not yet been dismissed and the April 21, 2010, dismissal order did not contain an express finding of appealability pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Therefore, according to McMackin Construction, Weberpal's notice of appeal, filed on May 10, 2010, was premature.

¶ 16 Under the current version of Rule 303(a)(2), a notice of appeal that once would have been held to be premature is now held to be timely when an order disposing of a separate claim is entered. See *Suburban Auto Rebuilders, Inc. v. Associated Tile Dealers Warehouse, Inc.*, 388 Ill. App. 3d 81, 97-98 (2009). Weberpal filed its notice of appeal during the pendency of Scott's underlying complaint. Pursuant to Rule 303(a)(2), Weberpal's notice of appeal

---

[3]The record on appeal does not contain a transcript of the hearing.

became effective when this claim was decided, at which time this court acquired jurisdiction over this matter. See *Suburban Auto*, 388 Ill. App. 3d at 97-98. We now address the merits of this appeal.

¶ 17                                    B. Standard of Review

¶ 18     Weberpal argues that the trial court erred by dismissing its third-party complaint for contribution, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2008)).

¶ 19     A section 2-619 motion to dismiss admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from those facts. *Wackrow v. Niemi*, 231 Ill. 2d 418, 422 (2008). However, the moving party asserts that the claim is barred by some affirmative matter avoiding the legal effect of or defeating the claim. *Wackrow*, 231 Ill. 2d at 422; see also 735 ILCS 5/2-619(a)(9) (West 2008). When a court rules on a section 2-619 motion to dismiss, it must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Wackrow*, 231 Ill. 2d at 422. We review *de novo* a trial court's grant of a section 2-619 motion to dismiss. *Wackrow*, 231 Ill. 2d at 422.

¶ 20                          C. Waiver of Workers' Compensation Lien

¶ 21     Weberpal argues that the plain language of section 2 of the Contribution Act (740 ILCS 100/2 (West 2008)) supports its continued right to seek contribution from McMackin Construction.

¶ 22     Section 2 of the Contribution Act provides in relevant part:

    "§ 2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

    (b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.

    (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." 740 ILCS 100/2(a), (b), (c) (West 2008).

¶ 23     Weberpal argues that it paid more than its *pro rata* share when it paid Scott $450,000 for the release of all claims against itself and McMackin Construction. Thus, Weberpal argues, it has a right to seek contribution for McMackin Construction's proportionate share of liability. We disagree with Weberpal.

¶ 24    "The concept of contribution contemplates that each party whose fault contributed to an injury should pay its *pro rata* share of the common liability." (Emphasis in original.) *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 557 (2007). Thus, when an employee is injured in the course of his employment and seeks compensation from a third party, the Contribution Act provides that the third party may file a third-party suit against the employer for contribution toward the employee's damages. 740 ILCS 100/1 *et seq.* (West 2008). However, an employer's maximum liability in a third-party suit for contribution is limited to its liability to its employee under the Workers' Compensation Act. *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 165-66 (1991). Further, section 5(b) of the Workers' Compensation Act allows the employer to claim a lien on any recovery the employee receives from the third party, equal to the amount the employer paid or will pay the employee in workers' compensation. 820 ILCS 305/5(b) (West 2008). An employer can also waive its lien on the employee's recovery and not seek reimbursement of its workers' compensation payments. 820 ILCS 305/5(b) (West 2008); *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 399 (1998). By waiving its section 5(b) lien, an employer can avoid liability to a third party for contribution. *LaFever*, 185 Ill. 2d at 399; see also *Gallagher v. Lenart*, 226 Ill. 2d 208, 231 (2007).

¶ 25    In this case, it is uncontroverted that McMackin Construction was Scott's employer when the accident occurred and that, as such, McMackin Construction had a lien against any recovery Scott obtained from Weberpal. It is also uncontroverted that McMackin Construction and Scott entered into an agreement whereby McMackin Construction waived its right to its workers' compensation lien against Scott's recovery from his lawsuit against Weberpal. When McMackin Construction waived its lien, Weberpal's right of contribution from McMackin Construction was extinguished. See *LaFever*, 185 Ill. 2d at 399. Accordingly, the trial court properly granted McMackin Construction's motion to dismiss Weberpal's contribution claim.

¶ 26    Weberpal argues that the trial court erred by dismissing its claim, because Weberpal explicitly preserved its right to seek contribution from McMackin Construction in Scott's release. However, Weberpal fails to understand that its preservation of its right to seek contribution had no effect on McMackin Construction's right to extinguish its contribution liability by waiving its workers' compensation lien. McMackin Construction was not a party to the release. See *Winzeler Trucking Co. v. State*, 32 Ill. Ct. Cl. 191 (1978) (because the State was not a party to a contract, it could not be bound by it). In addition, the release did not contain a provision preventing Scott from entering into an agreement with McMackin Construction, and the release provided that it contained "the entire agreement between the parties." Thus, Scott was free to enter into an agreement whereby McMackin Construction waived its workers' compensation lien, thus extinguishing Weberpal's contribution claim. Therefore, the trial court properly granted McMackin's motion to dismiss.

¶ 27    Weberpal argues that the trial court erred because it did not recognize that contribution liability in tort exists separate and apart from an employer's liability under the Workers' Compensation Act. Weberpal cites *Hall v. Archer-Daniels-Midland Co.*, 122 Ill. 2d 448 (1988), to support its argument.

¶ 28    In *Hall*, the supreme court held that a third-party tortfeasor was entitled to contribution

-6-

from an employer tortfeasor after the third party settled with the employee, even though the release did not extinguish the employer's workers' compensation liability. *Hall*, 122 Ill. 2d at 455. The supreme court held that the release permitted contribution because it released the employer from liability in tort. *Hall*, 122 Ill. 2d at 455. The supreme court explained that, to be entitled to contribution, the third party did not need to extinguish the employer's workers' compensation obligation to the employee. *Hall*, 122 Ill. 2d at 454. However, these facts in *Hall* are distinguishable from the facts at bar. In this case, McMackin Construction waived its workers' compensation lien. Thus, Weberpal's right of contribution was extinguished. Accordingly, *Hall* is inapplicable to the case at bar.

¶ 29    Weberpal also argues that the trial court relied on the pendency of the workers' compensation claim, contrary to the holding in *Hall*, 122 Ill. 2d at 454. To support its argument, Weberpal cites to the italicized portion of the relevant part of the trial court's order:

> "This Court finds that the release entered into between Scott McMackin and Weberpal Roofing, Inc. did not prevent Scott McMackin from entering into an agreement to dismiss his claim under the workman's [*sic*] compensation act. Furthermore, as McMackin Construction was not a party to the release, its rights to enter into any agreement with Scott McMackin were unaffected.

> While the release entered into between Scott McMackin and Weberpal Roofing, Inc. extinguished the 'potential liability' of McMackin Construction for any direct action brought by Scott McMackin, *it did not extinguish the workman's [sic] compensation claim or McMackin Construction's liability under said claim.*

> This Court has been advised that the workman's [*sic*] compensation claim of Scott McMackin was still pending at the time of the agreement entered into between Mr. McMackin and McMackin Construction. As there has been no evidence submitted by Weberpal Roofing, Inc. suggesting that the workman's [*sic*] compensation was no longer valid this Court finds that there was adequate valuable consideration for the agreement between Scott McMackin and McMackin Construction. Furthermore, as both Scott McMackin and McMackin Construction were represented by their own, independent counsel, and there is no evidence of collusion between these parties the Court is satisfied that the transaction was 'at arm's length'. This shifts the burden to the party challenging the agreement to establish that [it] was not in 'good faith' as that term is used in the Illinois Joint Tortfeasor Contribution Act." (Emphasis added.)

¶ 30    Thus, the trial court did not rule contrary to *Hall*, 122 Ill. 2d at 454, that Weberpal was not entitled to contribution because the release did not extinguish McMackin Construction's workers' compensation obligation to Scott. Rather, the trial court found that nothing in the release prevented either Scott or McMackin Construction from entering into an agreement to dismiss Scott's claim under the Workers' Compensation Act. Thus, Scott's workers' compensation claim "was still pending" when Scott and McMackin Construction entered into the release. Accordingly, Weberpal misconstrues the trial court's order.

¶ 31                                    D. Setoff or Credit

¶ 32     Next, Weberpal argues that McMackin Construction's waiver of its workers' compensation lien required a setoff to Weberpal. Weberpal argues that a setoff would prevent Scott from receiving a double recovery. Weberpal fails to understand that, because it settled with Scott, the double recovery doctrine does not apply. See *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 672 (2001). Typically, when an employer waives its workers' compensation lien, a defendant/third-party plaintiff receives its setoff from the underlying plaintiff after damages are awarded at trial and fault is apportioned. See, *e.g.*, *Branum v. Slezak Construction Co.*, 289 Ill. App. 3d 948, 951-52 (1997). However, this is not a typical case, because Weberpal and Scott settled the case without going to trial. The double recovery doctrine does not apply to a case in which the parties settle prior to judgment on the plaintiff's underlying action, because a settlement is a contract that governs the plaintiff's recovery. *Kim*, 322 Ill. App. 3d at 672. In this case, it is undisputed that the release was a valid contract that did not provide for a setoff and was not a payment required pursuant to a judgment after trial on the plaintiff's underlying action; thus, the double recovery doctrine does not apply. *Kim*, 322 Ill. App. 3d at 672.

¶ 33     Weberpal cites *Branum*, 289 Ill. App. 3d 948, to support its argument. However, in *Branum*, a jury awarded the plaintiff damages and apportioned fault, the employer waived its workers' compensation lien, and the trial court dismissed the employer from the entire case, which included dismissing the third-party plaintiff's contribution claim against the employer. *Branum*, 289 Ill. App. 3d at 951-52. Although the trial court awarded the third-party plaintiff a setoff, the crucial distinction for our purposes here is that the setoff came from the *plaintiff's* recovery. *Branum*, 289 Ill. App. 3d at 951-52, 965. In this case, Weberpal seeks a setoff not from Scott, the plaintiff, but from McMackin Construction, the employer. In *Branum* the trial court dismissed the employer because, like McMackin Construction in this case, the employer waived its workers' compensation lien. *Branum*, 289 Ill. App. 3d at 952. Thus, *Branum* supports McMackin Construction's position and not Weberpal's.

¶ 34     We also note that nothing in the record indicates that Weberpal filed a complaint against Scott, seeking a setoff or any form of relief. Further, because Weberpal has already paid Scott $450,000 as provided in the release and the release does not provide for a setoff or a credit, we fail to understand how Weberpal could recover such relief from Scott. In addition, nothing in the record indicates that Weberpal sought a credit from McMackin Construction in the trial court. Thus, this issue is forfeited on appeal. See *Hudkins v. Egan*, 364 Ill. App. 3d 587, 592 (2006).


¶ 35                             E. Good Faith of Waiver Agreement

¶ 36     Lastly, Weberpal argues that the trial court abused its discretion by finding that the agreement between McMackin Construction and Scott was made in good faith. Weberpal argues that the agreement was not made in good faith because Scott and McMackin Construction knew that it could extinguish Weberpal's right to seek contribution from McMackin Construction.

¶ 37     It is within the discretion of the trial judge to determine whether a settlement was made

in good faith, and a reviewing court may not disturb a finding of good faith absent an abuse of discretion. See *Cellini v. Village of Gurnee*, 403 Ill. App. 3d 26, 35 (2010).

¶ 38    *Funes v. B&B Equipment, Inc.*, 282 Ill. App. 3d 272 (1996), is similar to the case at bar. In *Funes*, the plaintiff received a lump sum in satisfaction of her workers' compensation claim and her employer waived its workers' compensation lien against recovery from the third-party plaintiff. *Funes*, 282 Ill. App. 3d at 274. The trial court found that the settlement between the plaintiff and her employer was made in good faith and it dismissed the third-party plaintiff's contribution claim against the employer. *Funes*, 282 Ill. App. 3d at 274. The appellate court affirmed the trial court, reasoning that there was no evidence in the record of collusion, unfair dealing, or wrongful conduct. *Funes*, 282 Ill. App. 3d at 278. Further, the appellate court stated that the fact that the settlement barred contribution from the employer did not establish that the trial court abused its discretion by finding that the settlement agreement was made in good faith. *Funes*, 282 Ill. App. 3d at 278.

¶ 39    In this case, Weberpal presents the same argument the third-party plaintiff in *Funes* presented. See *Funes*, 282 Ill. App. 3d at 278. Weberpal argues that the trial court abused its discretion by finding that the agreement was made in good faith, because the agreement barred Weberpal from obtaining contribution from McMackin. However, this, alone, is insufficient to establish an abuse of discretion. See *Funes*, 282 Ill. App. 3d at 278. Further, Weberpal's citation to its response to McMackin Construction's motion to dismiss does not support its argument. Therefore, Weberpal fails to establish that the trial court's finding of good faith was an abuse of discretion.

¶ 40                                   III. CONCLUSION

¶ 41    For the reasons stated, we affirm the trial court's dismissal of Weberpal's contribution claim against McMackin Construction.

¶ 42    The judgment of the trial court of McHenry County is affirmed.

¶ 43    Affirmed.